Citation Nr: 1710364 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-40 868A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for onychomycosis of the bilateral feet, to include as secondary to service-connected bilateral foot disabilities.


REPRESENTATION

Veteran represented by: John S. Berry, Esq.


ATTORNEY FOR THE BOARD

A. Odya-Weis, Associate Counsel 






INTRODUCTION

The Veteran served on active duty from May 1978 to May 1982, September 2001 to June 2002, November 2002 to June 2003, and December 2004 to August 2005.

This case is before the Board of Veterans' Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. This matter was subsequently remanded for additional development in November 2014 and July 2015. 


REMAND

Pursuant to a July 2015 remand, the Veteran was scheduled for a VA examination in September 2015. The Veteran did not attend the examination and the RO rescheduled for May 2016 after notification of a change of address. A June 2016 notice indicated the Veteran cancelled the May 2016 examination and did not appear for a rescheduled VA examination in June 2016. In November 2016, the Veteran's attorney asserted that the Veteran did not receive notice of the June 2016 examination. In February 2017, the Veteran's attorney further stated that the Veteran was willing to report to a new examination and had attempted to reschedule the examination several times. 

The Board notes that notice of a June 2016 VA examination is not included in the Veteran's claims file. As such, the Board finds that a new examination is warranted to determine whether the Veteran's onychomycosis is related to active service or to a service-connected bilateral foot disability, to include foot pain due to fracture of the fifth left toe, with tylomas.

Updated VA treatment records should also be associated with the claims file. 38 U.S.C.A. § 5103A(c).

Accordingly, the case is REMANDED for the following actions:

1. Obtain updated VA treatment records dating since August 2013.

2. After updating VA treatment records, the Veteran should be afforded an appropriate VA examination to determine whether his onychomycosis is related to his periods of active service or a service-connected bilateral foot disability. A copy of any notice of the examination should be included in the claims file. The claims file must be made available to, and contemporaneously reviewed by, the examiner. 

The examiner should provide a medical opinion as to whether it is at least as likely as not (50 percent probability or greater) that onychomycosis arose in any period of active service or is causally related to service. 

If onychomycosis is not directly related to service, the examiner should opine as to whether it is at least as likely as not (50 percent probability or greater):

a) caused by the service-connected left foot pain due to fracture of the fifth left toe, with tylomas, or right foot tylomas; or 
b) permanently worsened beyond the normal progression (versus temporary flare-up of symptoms) as a result of the Veteran's service-connected foot disabilities. 

If the examiner finds onychomycosis has been permanently worsened beyond the natural progression (aggravated), the examiner should attempt to quantify the degree of aggravation beyond the baseline level of disability that is due to a bilateral foot disability. 

A rationale must be provided for any opinion expressed. 

3. After completing the requested actions, and any additional action deemed warranted, the agency of original jurisdiction (AOJ) should readjudicate the claim. If the benefit sought on appeal remains denied, the Veteran and his attorney should be furnished a supplemental statement of the case and an opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).